IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AAYUSH KHATIWADA,           ) | |
|     Plaintiff,           ) | |
| vs.           ) | No.  3:22-CV-0078-E-BH |
|            ) | |
| TEACHON ELLIS,           ) | |
|     Defendant.           ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Application to Proceed In District Court without Prepaying Fees or Costs (Long Form),* filed on January 13, 2022 (doc. 4).  Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

**I.  BACKGROUND**

The plaintiff filed this action against the defendant and moved for leave to proceed *in forma pauperis* (IFP) on January 13, 2022.  (*See* docs. 3, 4.)  He was notified by *Notice of Deficiency and Order* dated January 14, 2022, that his IFP application did not provide enough information to decide if IFP status is appropriate because it had not been fully completed.  (*See* doc. 7.)  He was ordered to submit a fully completed IFP application within fourteen days, and specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*)  On that same date, the plaintiff was also sent a questionnaire to obtain more information about his claims.  (*See* doc. 8.) It specifically advised him that his answers to the questionnaire were due within fourteen days, and also advised that a failure to file his answers could result in the dismissal of his case. (*See id.*)

---

[1] By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

Well more than fourteen days from the date of the order and questionnaire have passed, but the plaintiff has not filed his IFP application or questionnaire answers, or anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Here, the plaintiff has not filed a fully completed IFP application; he did not answer the question regarding how much cash he has.  He has therefore not shown that he will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and his motion to proceed *in forma pauperis* should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with orders to submit a fully completed IFP application and provide answers to the questionnaire despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case.  Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV. RECOMMENDATION

The plaintiff's IFP application should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a fully completed IFP application and his answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 16th day of February, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE